SCHOOL DISTRICT OF FORT SMITH *v.* HOWE.

Opinion delivered June 13, 1896.

TAXATION—EXEMPTION.—Lands purchased and held by a school district solely for sale or rent and for the sake of profit are not within the provision of the constitution exempting from taxation "public property used exclusively for public purposes." (Const. 1874, art. 16, sec. 5).

Appeal from Sebastian Circuit Court, in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

Proceeding to enjoin clerk of Sebastian county from extending taxes against certain lands owned by the

31

School District of Fort Smith. The facts are as follows: A portion of the military reservation at Fort Smith was donated by act of Congress to the city of Fort Smith, to be held in trust for the use of the free public schools of said city. The act provided that within ten years the lands should be laid off into lots, and the lots sold at public sale, and that the proceeds should be paid "to the treasurer of the school board of the single school district of Fort Smith, to be used by said board in the erection of school houses and for the pay of teachers and the maintenance of the free public schools in said district." Afterwards the General Assembly of this state passed an act the first section of which is as follows: Section 1. "That the school board of the school district of Fort Smith shall [be] and is hereby authorized and empowered and required, in behalf of and for the said school district, to become a purchaser at any sale hereafter made by said city of any unsold lots or real estate donated or granted by the act of Congress, approved May 13, 1884, to the said city for the use and benefit of the free public schools of the single school district of said city; and hereafter to own, lease, control, or sell the same, and also to become a purchaser at any sale of any property situated in said school district, on which said school district may at the time of such purchase have any lien, or in which it may have any interest, whenever, in the opinion of said school board, it shall be deemed necessary in order to protect the interest of said school district." Acts 1891, p. 166. The property described in the complaint and claimed to be exempt was acquired by the school district of Fort Smith through purchase by the board of directors of said district under the authority of the act above quoted. Most of the property consists of vacant and unimproved city lots, but a portion of the lots have buildings upon them and are rented.

*Humphry & Warner*, for appellant.

1. Appellant is a governmental agency of the state, and holds the property for the *sole purpose* of maintaining free public schools, and it is not subject to taxation under the constitution and laws of this state. Rev. St. U. S. 1883-4, p. 19; Acts Ark. 1885, p. 102; Acts 1887, p. 93; Acts 1891, p. 166; 1 Desty, Tax., p. 34, sec. 12; Cooley, Tax., p. 72; Const. Ark. act 16, sec. 5; Sand. & H. Dig., sec. 6414. All the property held is public property, and is property belonging to the state. The appellant is a mere agency of the state. 56 Ark. 360; 30 N. J. Eq. 686; 42 Pa. St. 25; 36 Cal. 222; 76 Ill. 187; 80 Ill. 384; 80 N. Y. 302; 118 Ill. 55; 60 Pa. St. 31; 51 Ill. 52; 77 Me. 534; 28 Kas. 376; 29 *id.* 699; 47 Cal. 361; 1 Swan, 269; 83 Mich. 470; 49 Ark. 96; 44 Conn. 367; 37 Iowa 168.

2. To lay a tax on school property is a positive violation of the constitution. Art. 14, sec. 2, Const.; 80 Ill. 384; 80 N. Y. 302; 4 Wheat. 326; Cooley, Tax., (2 Ed.), p. 5. See also 71 Tex. 192; 109 Ind. 562.

*Clendening, Mechem & Youmans*, for appellee.

1. The title to this property is not in the state, but in the school district. The fact that the latter is an agency of the state does not matter. The cases cited by counsel are under constitutions and laws of other states not like ours, and were cases where the property *belonged* to the state in trust. The grant here was not to the state, but to the city of Fort Smith. See Rev. St. U. S. 1884; Acts 1885, p. 102, etc. The state is not even a trustee. The reasoning of the cases cited does not apply. The property must be used *exclusively* for public purposes. 57 Ark. 445; Sand. & H. Dig., sec. 6414. If the property belonged to the state, it would be exempt under the fourth clause of the section. There is a vast difference between property belonging to the

state and that belonging to an agency of the state. 56 Ark. 153; 64 Iowa, 554; 85 Am. Dec. 624. Only property used for public purposes, or which belongs to the state, is exempt. Cases *supra*. All public school property devoted to free public school purposes is certainly exempt, but that used for rental or owned for sale for profit stands on a different footing, and is not exempt under our law.

2. The property is not exempt under sec. 2, art. 14, Const. As construed by counsel, this section is antagonistic to the provisions in sections 5 and 6 of Art. 16. Cooley, Const. Lim. 70–71; |Endl. Int. St., sec. 515. The property belonging to appellant is no part of the fund referred to in sec. 2, art. 14. If two provisions of a constitution are irreconcilably repugnant, that which is last in order of time and in local position shall be preferred. 7 Ind. 570; 19 Pa. St. 211; 8 Col. 408; 9 Neb. 429.

RIDDICK, J., (after stating the facts). The lots claimed by appellant to be exempt from taxation belong to the school district of Fort Smith, and the question before us is whether such land is exempt from taxation. The constitution of the state declares that laws exempting property from taxation, except as therein provided, shall be void. Const. 1874, art. 16, sec. 6; *L. R. & Ft. S. Railway* v. *Worthen*, 46 Ark. 312. It further provides that the following property shall be exempt from taxation: "Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity." Const. 1874, art. 16, sec. 5. This provision defining what public property is exempt from taxation does not refer to property owned by the state, for the presumption is that the state does not intend to

tax its own property; but it refers to property owned by the public corporations or organizations of the state, such as counties, cities, towns, and school districts. The question before us is not whether this land is presumptively exempt from taxation, for, under the provision of the constitution above referred to, there is no room for such a contention. Under that provision all property not expressly exempted by the constitution is subject to taxation, except property of the state or general government. In order therefore to justify us in holding that this property is exempt, there must be found in the constitution itself provision for its exemption. Const., art. 16, sec. 6; *L. R. & Ft. S. Railway* v. *Worthen, supra.*

It is first said that this is public property, but it will be noticed that all public property is not exempt from taxation, but only that public property which is used exclusively for public purposes. It is conceded that this land is public property, but the question of its exemption from taxation is not determined alone by its character as public property, but also by the nature of its use. This land is not used for school grounds, nor is there any intention to erect upon it buildings of any kind for the use of schools, but it was purchased and is now held only for the purpose of sale or for rent. It was purchased by the board of directors of the school district of Fort Smith as an investment and for profit, under the authority conferred by the act of April 1, 1891. The proceeds arising therefrom, when sold or rented, are to be used for the benefit of the public schools of said district, yet this does not justify us in holding that the land itself is now used exclusively for public purposes, within the meaning of our constitution. It is true that in a certain sense all land belonging to the public must be used for public purposes, for whether it be held for sale or rent or used

as a park or pleasure ground, or in some other way, in contemplation of law its control and use must be regulated by considerations of benefit to the public community to which it belongs.   But it is obvious that this is not the sense in which the constitution speaks of exempting "public property used exclusively for public purposes." It seems clear that the intention was to exempt only that public property which in itself directly subserved some public purpose by actual use, as distinguished from property belonging to the public but not used by it, and from which a benefit accrues to the public, not by the immediate use thereof by the public, but indirectly through selling or renting the same to private parties. To illustrate: Some of these lots have buildings upon them, and are rented to different tenants. One may be rented to a grocer, another to a butcher, and another to a saloon keeper. Although the object and effect of renting the property in such cases may be a benefit to the public, yet we cannot say that such property is used exclusively for public purposes. To do so would be to confound the use of the property with the incidental benefit to the public derived from rents paid by the party who uses it for his own private purposes. Neither the use of the property for the sale of groceries by a grocer, of meat by a butcher, nor for the sale of liquor by a saloon-keeper, is the use of it for a public purpose, or for the purpose of benefiting the public. The purpose for which these tenants use this property is their own private gain, and the fact that they pay rents to the public does not change the purpose of this use from a private to a public one. The case of *Brodie* v. *Fitzgerald*, 57 Ark. 445, bears directly on this point. It was held in that case that, although the rents and revenues derived from certain land were devoted solely to public charity, yet such land was not exempt from taxation, under the provision in the constitution

exempting from taxation buildings, grounds, and materials used exclusively for public charity.

If the intention of the makers of the constitution was to exempt public property the use of which inures to the benefit of the public in some way, then the effect is to exempt all public property, for such property can be used lawfully only for the public benefit, and this seems to be the conclusion reached by counsel for appellant. But all public property is not exempt. All property belonging to the public must be used for the benefit of the public, but our constitution distinguishes and sets apart as exempt from taxation only that public property which is itself used exclusively for public purposes. If a school district purchases land not to be used for school grounds, or for some other public purpose, but as an investment of its funds, and for the purpose of sale or rent, then it must take such lands with the burden which the law imposes even upon public property not used exclusively for public purposes. It must pay taxes upon such lands, as other land owners do. If the burden becomes too heavy, it can get rid of it by selling the land; for so long as the money arising from such sale is kept as a fund to be used in defraying the expenses of the public schools of the city, it will be exempt from taxation, such a use of the fund being exclusively for a public purpose. *Cincinnati College* v. *State*, 19 Ohio, 110.

It is necessary that a school district should have a school building and grounds. If such property was taxed and sold for the non-payment of taxes, the public would have to pay other taxes in order to replace the same, for it is absolutely essential that a school district should own a school house. For that reason school buildings and grounds are exempt from taxation. But it is not essential that a school district should hold land for the purpose of sale or rent, and as an investment for profit.

When land is thus held by a school district, it is deemed to be held by such corporation in "its commercial capacity as a private corporation," and the reasons for exempting such property from taxation are slight as compared with those which exist in favor of exempting buildings and grounds actually and exclusively used for public purposes. Considerations of this kind probably led the makers of our constitution not to exempt such property from taxation. Cooley, Taxation (2d Ed.), 173; *City of Louisville* v. *Commonwealth*, 1 Duvall, 295; S. C. 85 Am. Dec. 624; *Brodie* v. *Fitzgerald*, 57 Ark. 445; *West Hartford* v. *Water Commissioners*, 44 Conn. 360; *State* v. *Assessors*, 35 La. An. 668; *Cincinnati College* v. *State*, 19 Ohio, 110.

It is further said that a school district is one of the governmental agencies of the state, that property belonging to it is property of the state, and as such not subject to taxation; but such contention, as applied to the facts of this case, is not tenable. A school district is a creature of the state, and the general assembly enacts the laws under which the property of such a district is acquired and used. But the property of a school district is not the property of the state, any more than the property of a city or county is the property of the state. *Pearson* v. *State*, 56 Ark. 153; Cooley, Const. Lim. 290, 291. The title of this property is not in the state, but in the school district of the city of Fort Smith, and it does not come within the meaning of sec. 2, art. 14, Const. 1874, which has reference to property held by the state in trust for schools and colleges, and to the public school fund of the state, of which this property is not a part.

As the decision of this case turns on the construction of our own constitution, we have not felt it necessary to discuss the cases from other states cited by counsel

in their printed argument, and to which we have given that consideration they well deserve.

Our conclusion is that the circuit court correctly ruled that lands of the school district of Fort Smith, purchased and held by such district solely for sale or rent, and for the sake of profit, are not, within the meaning of the constitution, used exclusively for public purposes, and are subject to taxation.

Judgment affirmed.

Bunn, C. J., dissents.