BLALOCK v. MILLER.

Opinion delivered October 24, 1927.

1. COUNTIES—USE OF PROCEEDS FROM SALE OF BONDS.—Acts 1927, p. 86, authorizing county courts, on finding that debts existing December 7, 1924, had been erroneously paid from the general revenue, instead of from funds derived from the sale of bonds authorized by Amendment 11, to make an order allowing the amount thereof against the bond account, and to credit the general fund therewith, held unconstitutional.

2. CONSTITUTIONAL LAW—CONSTRUCTION OF AMENDMENT BY LEGIS-LATURE.—Where the meaning of a provision of the Constitution or an amendment thereto has been declared by the Supreme Court, it is not within the power of the Legislature to change such meaning by statute.

3. COUNTIES—USE OF PROCEEDS OF BOND ISSUE.—Warrants issued after the issuance of bonds under Amendment 11, authorizing a bond issue to pay indebtedness existing at the time of the adoption of such amendment, not shown to have been issued in renewal of warrants for part of the indebtedness existing at the time of the adoption of the amendment, could not be paid out of funds derived from the sale of bonds issued thereunder.

Appeal from Woodruff Circuit Court, Northern District; *W. D. Davenport,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a proceeding by mandamus to compel the county treasurer to pay a warrant out of the funds in his hands derived from the sale of the bonds under Amendment No. 11 to the Constitution.

The record shows that Edgar Miller, as treasurer of Woodruff County, had a balance of $27,991.75, arising from the proceeds of bonds sold by Woodruff County, Arkansas, under Amendment No. 11 to the Constitution. At an adjourned term of the county court of Woodruff County, held on May 26, 1927, an order was entered of record reciting this fact, and it was adjudged that the county treasurer be directed to transfer said fund into the general revenue of the county and to pay from it all county warrants authorized by law.

On June 7, 1927, E. E. Blalock presented to the treasurer for payment a warrant for $18, dated May 11, 1927. Payment was refused by the county treasurer on the ground that said warrant was not payable out of the funds derived from the sale of bonds under Amendment No. 11 to the Constitution. The circuit court sustained the contention of the county treasurer, and it was considered and adjudged that the petition for a writ of mandamus be denied. From the judgment rendered Blalock has duly prosecuted an appeal to this court.

*J. F. Summers,* for appellant.

*W. J. Dungan,* for appellee.

HART, C. J., (after stating the facts). The decision of the circuit court was correct.

In *Airheart* v. *Winfree,* 170 Ark. 1126, 282 S. W. 963, it was held that, under Amendment No. 11 to the Constitution, a county could not issue bonds but one time, and that was for the debt existing at the time the amendment was adopted. In the case cited the record shows that there were outstanding warrants in the sum of $38,337.48, which was the amount of the bond issue. The bonds were not issued until some time after the adoption of the amendment, and, in the meantime, several of these outstanding warrants had been paid out of the general

revenue. It was the contention in that case that this only amounted to a renewal of the indebtedness existing at the time of the amendment to the Constitution, and that these warrants could be paid out of the fund derived from the sale of the bonds. The court held that the indebtedness existing at the time of the adoption of the amendment had been reduced by payments of warrants out of the general revenue and that the payment operated as a complete retirement of the indebtedness existing at the time of the adoption of the amendment to that extent, even though the warrants were paid out of the general revenue of the county. The court said that, because it was not shown that the indebtedness represented by the warrants in that case was a part of the indebtedness of the county at the time of the adoption of the amendment, it was not such a claim against the county as could be paid out of funds derived from the sale of bonds.

In order to meet the situation arising from this decision, the Legislature of 1927 passed an act to provide for the relief of counties which had issued and held bonds under the provisions of Amendment No. 11 and had erroneously paid some of the indebtedness for which said bonds were sold out of the general revenue. Acts of 1927, page 86. Section 1 of that act authorizes the county court, upon finding that any part of the indebtedness existing December 7, 1924, had been erroneously paid out of the general revenue of the county, when the same should have been paid out of the funds derived from the sale of said bonds, to make an order allowing said amount so erroneously paid out of the general fund, against the bond account, and credit the general revenue fund of said county with said amount so erroneously paid. This act is unconstitutional and void, for the reason that it authorizes the county court to do something which, under the provisions of said Amendment No. 11, as construed by this court, could not be done. If the Legislature could change the meaning of the amendment as construed by the court and make it mean something else than its plain meaning, then the amendment had just

as well never have been passed. Such a course would place an act of the Legislature above the Constitution. The meaning of a provision of the Constitution or amendment thereto having been declared by the court, it is plainly not within the power of the Legislature to change the meaning by statute.

The warrant involved in this case was issued on May 11, 1927, which was after the issuance of bonds under Amendment No. 11. It is not shown that this warrant was issued in renewal of a warrant for part of the indebtedness existing at the time of the adoption of said amendment, and it could not therefore be paid out of the funds arising from the sale of the bonds. The fund derived from the bond issue can only be used to pay the indebtedness existing at the time of the adoption of said amendment or to provide a sinking fund for that purpose for the bonds issued and not now due.

It follows that the judgment of the circuit court must be affirmed.