B.D.T., INC. & S.E., INC. *v.*
William MOORE, Randolph County Assessor,
Lucille STOLT, Randolph County Clerk &
·Betty J. JOHNSON, Randolph County Tax
Collector

76-125                              543 S.W. 2d 220

Opinion delivered November 8, 1976
(In Banc)
[Rehearing denied December 13, 1976.]

*Wilson & Grider,* by: *Murrey L. Grider,* for appellants.

*King & King,* by: *Jim King,* for appellees.

J. FRED JONES, Justice. This is an appeal by two corporations from a chancery court decree denying their petition for a restraining order against the appellee county officials to prevent the assessment and collection of ad valorem taxes on two tracts of land owned by the city of Pocahontas and leased to the appellants through the Municipal Airport Commission.

The Airport Commission leased one of the tracts here involved to William and Harold Baltz who constructed buildings thereon and then assigned all their interest to the appellant B.D.T., Inc. who was apparently a private

manufacturing company. The other tract was leased to the appellant S.E., Inc. who erected buildings thereon and sub-leased to the Black River Seed Company, Inc. Both leases provided that industrial buildings would be erected on the land, and both leases contained clauses providing as follows:

> The Lessees shall pay all taxes and special assessments, betterments, general or specific, whether levied or to be levied in the future and any other governmental charges and impositions whatsoever, whether forseen or unfor-seen.
>
> \* \* \*
>
> The parties hereto covenant and agree that the lands above demised shall be used solely for industrial pur-poses and for no other reason.

Randolph County, through the appellee-officials, levied an ad valorem tax against the properties for the year 1974 in the amount of $2,248.99 resulting in the petition and decree as already stated. On appeal to this court the appellants have designated one point they rely on for reversal as follows:

> The Assessment of an ad valorem real property [tax] on real estate leased from a municipality for a public pur-pose constitutes an illegal exaction in violation of Art-icle 16, Section 13 of the Constitution of the State of Ark-ansas.

Section 13 of Article 16 reads as follows:

> Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

The right of the appellants to institute suit to protect against enforcement of any illegal exaction is not questioned in this case. The real question involved is whether the proper-ty was exempt from taxation under Article 16, Section 5, of the Constitution which provides such exemption for "public property used exclusively for public purposes."

The appellants rely heavily on our decision in *Wayland* v. *Snapp*, 232 Ark. 57, 334 S.W. 2d 633, but we are of the opinion that our decision in *School District of Fort Smith* v. *Howe*, 62 Ark. 481, 37 S.W. 717, is more in point with the issues presented in the case at bar. The primary question in *Snapp* was the validity of a municipal ordinance authorizing a bond issue under Act No. 9 of 1960 for the purchase of land and erection of facilities to be leased to Seiberling Rubber Company, Inc. The secondary ad valorem tax issue in *Snapp* only arose out of an alleged promise of ad valorem tax exemption. Our statement of the law in disposing of that issue in *Snapp* can be of no assistance to the appellants in the case at bar, for in *Snapp* we said:

> In his Complaint appellant alleges that: "The City of Batesville has represented to Seiberling that the land and manufacturing facilities to be leased to Seiberling by the City will be exempt from ad valorem taxes" in violation of Article 16, Sections 5 and 6 of the Arkansas Constitution. * * * As we understand the above provisions of the Constitution, for property to be exempted from taxation two elements must be present: (a) the subject property must be "public property," that is, it must be owned (in this instance) by the City of Batesville; (b) it must be used exclusively for public purposes. In our opinion both of these elements are present in the case under consideration as we shall attempt to show.
>
> (a) It must be admitted here that the grounds, the building and facilities will be owned by the City of Batesville and will, therefore, be public property.
>
> (b) Likewise, we think it is clear that the property will be used exclusively for a public purpose. If it is, it will be exempt from taxation under the Constitution and if it is not it must be taxed.

The dissenting opinion in *Snapp, supra,* did not differ with the majority opinion as to the law on the question of tax exemption. In the dissenting opinion is found the following pertinent language:

> The constitution exempts "public property used exclusively for public purposes." Const., Art. 16 § 5. Obviously the framers did not mean to exempt all public property, for in that event there would have been no need to insert the phrase, "used exclusively for public purposes." The inclusion of that phrase demonstrates conclusively that the exemption does not embrace all publicly owned property; it must also be used exclusively for a public purpose.

After citing and discussing *School District of Fort Smith* v. *Howe, supra,* the dissent in *Snapp* then continues as follows:

> We have many other cases to the same effect, holding that the tax exemption must be strictly construed and that property falls within one of the exemptions only if it is actually used for the exempt purpose. *Brodie* v. *Fitzgerald,* 57 Ark. 445, 22 S.W. 29; *Pulaski County* v. *First Baptist Church,* 86 Ark. 205, 110 S.W. 1034; *Burbridge* v. *Smyrna Baptist College,* 212 Ark. 924, 209 S.W. 2d 685; *Hilger* v. *Harding College,* 231 Ark. 686, 331 S.W. 2d 851.

The majority and dissenting opinions in *Snapp* agreed as to the law pertinent to tax exemption under Article 16, Section 5 of the Constitution, they only disagreed on this point as to the application of the law to the facts in *Snapp.*

We are unable to say the chancellor's finding that the property here involved was not "used exclusively for public purposes" was against the preponderance of the evidence.

The decree is affirmed.

BYRD and HOLT, JJ., concur.