The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on the following:
 Act 438 of 1995 purports to declare all property owned by municipal airports to be "public" property without distinction with respect to such property actually used for public purposes versus such property that is leased to private persons or entities and actually used for private purposes. By virtue of Act 438 of 1995, all property owned by municipal airports is, therefore, "public" property and exempt from ad valorem taxation even though some of such property may actually be used for private purposes. Is this aspect of Act 438 of 1995 constitutional under Article 16, Section 5 of the Arkansas Constitution?
Act 438 of 1995 added a new section to the Arkansas Code, as follows:
 (a) The ownership, operation, and management of municipal airports, county airports, municipal airports operated pursuant to the Airport Commission Act, Ark. Code §§ 14-359-101—14-359-120, airports in border municipalities operated pursuant to the Municipal Airports Act, Ark. Code §§ 14-361-101—14-361-124, and regional airports operated pursuant to the Regional Airport Act, Ark. Code §§ 14-362-101—14-362-129, and their related properties and facilities, including without limitation runways, hangars, terminal facilities, and suitable areas or space which are made available to those willing and otherwise qualified to offer transportation services to the public or support services to aircraft operators, all as may be necessary or desirable for the servicing of aircraft in commercial or general aviation or for the comfort and accommodation of air travelers traveling in commercial or general aviation, are vital to the economic welfare of the state of Arkansas and its people and such airports and their related properties and facilities are declared and confirmed to be used exclusively for public purposes.
 (b) All airport property and related property and facilities owned by a municipality, county, or other public agency for the purposes enumerated in this section are declared to be acquired and used exclusively for public and governmental purposes and as a matter of public necessity and shall be exempt from ad valorem taxation to the same extent as other property used exclusively for public purposes.
A.C.A. § 14-356-102 (Supp. 1995).
It is my view that, contrary to the statements in your request, the statute does not address whether the property at issue is public property; rather, it addresses whether such property is used exclusively for public purposes and answers that question in the affirmative.
Our constitution provides that, among other enumerated types of property, "public property used exclusively for public purposes" shall be exempt from property taxes, and that "[a]ll laws exempting property from taxation other than as provided in this Constitution shall be void." Ark. Const. art. 16, §§ 5, 6.
In my opinion, Act 438 is constitutionally suspect and is unlikely to be given effect by the courts.
Where the courts have interpreted the meaning of a provision of the constitution, the legislature is without power to change that meaning by statute. Johnson v. Cummings, 281 Ark. 229, 663 S.W.2d 168 (1984);Blalock v. Miller, 175 Ark. 98, 298 S.W. 995 (1927). The court inBlalock stated the rule as follows:
 If the Legislature could change the meaning of the [constitutional] amendment as construed by the court and make it mean something else than its plain meaning, then the amendment had just as well never have been passed. Such a course would place an act of the Legislature above the Constitution. The meaning of a provision of the Constitution or amendment thereto having been declared by the court, it is plainly not within the power of the Legislature to change the meaning by statute.
Blalock, 175 Ark. at 100-101.
The Supreme Court of Arkansas has many times construed the meaning of the words "public property used exclusively for public purposes" appearing in Ark. Const. art. 16, § 5. See, e.g., City of Fayetteville v. Phillips,306 Ark. 87, 811 S.W.2d 308 (1991); Holiday Island Suburban ImprovementDist. No. 1 v. Williams, 295 Ark. 442, 749 S.W.2d 314 (1988); City ofSpringdale v. Duncan, 240 Ark. 716, 401 S.W.2d 747 (1966); Wayland v.Snapp, 232 Ark. 57, 334 S.W.2d 633 (1960). Two of the cases, in fact, involved the precise question purportedly answered by Act 438 and concluded that "municipally-owned airport land that is leased to private industries is not used for public purposes and therefore is taxable."City of Little Rock v. McIntosh, 319 Ark. 423, 428, 892 S.W.2d 462
(1995), citing B.D.T., Inc. v. Moore, 260 Ark. 581, 543 S.W.2d 220
(1976).
In my opinion, Act 438 is a legislative attempt to change the court's interpretation of Ark. Const. art. 16, § 5, set forth in McIntosh andB.D.T., and therefore likely is unconstitutional under the rule ofJohnson and Blalock.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh