The Honorable Jack Critcher State Representative P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Representative Critcher:
This is in response to your request for an opinion on the following question:
 If a college or university owns farmland and it is leased to a private individual and those individuals use the land for profit, does this land qualify for exemption from ad valorem taxes or does the land fall within tax status? How do A.C.A. § 26-3-301 (2) and (4) affect your opinion concerning this type of property if any? Also, please explain the emergency clause of this statute.
The answer to the first part of this question was given in Op. Att'y Gen. 97-221, recently issued to you. I concluded in that opinion that although the question of whether a particular parcel of property is exempt from taxation is a fact question for the assessor to determine, public property which is not devoted to an exclusive public use is generally not entitled to exemption under the provisions of our constitution. You have now asked how A.C.A. § 26-3-301(2) and (4), which were not mentioned in Opinion 97-221, affect this conclusion.
It is my opinion that A.C.A. § 26-3-301(2) and (4) (Supp. 1995) do not affect the conclusion reached in Opinion No. 97-221.
A recitation of the applicable constitutional provisions and statutes is necessary in order to properly address the matter. As noted in Opinion 97-221, the relevant provision of the Arkansas Constitution is art. 16, § 5. It provides, in pertinent part, as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and material used exclusively for public charity.
Also pertinent to your question is Arkansas Constitution art. 16, § 6, which provides as follows:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
The statute you have referenced, A.C.A. § 26-3-301(2) and (4), provides in pertinent part as follows:
 All property described in this section, to the extent limited, shall be exempt from taxation:
* * *
 (2) All public institutions of higher learning and all buildings and grounds belonging to those institutions;
* * *
 (4) All property, whether real or personal, belonging exclusively to this state, including property of state agencies, institutions, boards, or commissions, or the United States.
The Arkansas Supreme Court, in interpreting the provisions of the Arkansas Constitution with regard to the exemption of public property from taxation has consistently held that in order for property to be exempt from taxation, two elements must be present: 1) the property must be "public property," that is, it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rockv. McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); Phillips v.City of Fayetteville, 306 Ark. 87, 811 S.W.2d 308 (1991); andWayland v. Snapp, 232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. It is not the ownership of the property which entirely determines the matter. The property must also be used "exclusively" for public purposes before it will be exempt from property taxation. In this vein, it has been held that even when proceeds received from public property rented for private purposes are used for public purposes, the land is taxable, as the actual use must be public. Id. See also, B.D.T., Inc. v.Moore, 260 Ark. 581, 543 S.W.2d 220 (1976).
As noted in Robinson v. Indiana Arkansas Lumber ManufacturingCo., 128 Ark. 550, 194 S.W. 870 (1917), in discussing the previous case of School District of Fort Smith v. Howe, 62 Ark. 481,37 S.W. 717 (1896):
 The court said that to justify it in holding that the property was exempt there must be found in the Constitution, itself, provision for its exemption. The court further said that it was conceded that the land was public property, but the question of its exemption from taxation was not determined alone by its character as public property, but also by the nature of its use. After a thorough discussion of the question, the court correctly held that the property was not exempt from taxation under our Constitution because it was held by the school district solely for sale or rent, and for the sale for profit, and was not, in the meaning of the Constitution used exclusively for public purposes, and was therefore subject to taxation.
* * *
 There is a material difference between the use of property exclusively for public purposes and renting it out and then applying the proceeds arising therefrom to the public use. The property under our Constitution must be actually occupied or made use of for a public purpose and our court has recognized the difference between the actual use of the property and the use of the income. So it will be seen that in our own cases last referred to, the property itself was not directly occupied or made use of for public purposes, but only the income derived therefrom and for this reason the court held that the property was not exempt from taxation under our Constitution.
128 Ark. at 556, 557.
As noted in City of Little Rock v. McIntosh, supra, "It has long been our law that when public land is lease or rented for private purposes, ad valorem tax is imposed, even if the profits go back into the public treasury. Id. at 430.
The constitutional test for the exemption of public property from taxation is clear. It must not only be "public property," it must also be used exclusively for public purposes.
What then, is the relevance of the statute you have cited? Section 26-3-301(2) and (4) purport to exempt from ad valorem taxation property of "[a]ll public institutions of higher learning and all buildings and grounds belonging to those institutions," and "[a]ll property . . . belonging exclusively to this state, including property of . . . institutions."
The Arkansas Supreme Court has said on several occasions that notwithstanding the provisions of an applicable statute, the right of exemption must be found in the constitution, since art. 16, § 6 so provides. See Missouri Pacific Hospital Association v. PulaskiCounty, 211 Ark. 9, 199 S.W.2d 329 (1947); School District of FortSmith v. Howe, supra; Brodie v. Fitzgerald, 57 Ark. 445,22 S.W. 29 (1893), and Ex Parte Gaines, 56 Ark. 212, 19 S.W. 602 (1892). It was not necessary to cite A.C.A. § 26-3-301(2) and (4) in Opinion 97-221 because that statute cannot be constitutionally construed as exempting anything which is not already exempted by the language of the constitution. The constitution requires exclusive public use. In my opinion, a court would read A.C.A. §26-3-301(2) and (4) in light of the pertinent constitutional provisions, and interpret the statute as also requiring an exclusive public use. Cf. City of Little Rock v. McIntosh, supra
(holding that a relevant statute exempting airport property from taxation "must be read in light of the constitution, and that means that an airport authority will be exempt from paying ad valorem taxes when the land is used solely for public purposes").Id. at 428. To the extent A.C.A. § 26-3-301(2) and (4) authorize the exemption of University property when it is not used exclusively for public purposes, it is unconstitutional and "void." See Arkansas Constitution, art. 16, § 6.
As a final matter, you have asked that I "explain the emergency clause of [A.C.A. § 26-3-301 (2) and (4)]." That clause appeared in Act 627 of 1987, § 5, and provided as follows:
 It is hereby found and determined by the General Assembly that County Assessors in various counties in Arkansas have assessed property belonging to public institutions of higher learning, state agencies, institutions, boards and commissions, and that county assessors are required by law to assess all real and personal property of their counties annually between the first Monday in January and the first day in August, and that an immediate need exists to clarify the status of property owned by public institutions of higher learning, State agencies, institutions, boards and commissions in order to prevent such property from being placed on the tax rolls by county assessors. Therefore, an emergency is declared to exist, and this Act being necessary for the preservation of the public peace, health and safety, shall be in full force and effect from and after its passage and approval.
I cannot "explain" the language of this section any further than interpreting the plain language of the provision on its face. The provision refers to property "belonging to" or "owned" by institutions of higher learning and does not mention the use of such property. It may be that the legislature intended to exempt all property owned by universities from ad valorem taxation, regardless of whether the property is used exclusively for public purposes. This the legislature is without power to do. See Arkansas Constitution art. 16, § 6
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh