The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, AR 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion on the following questions:
 Whether the City is required to pay property tax on the following lands:
 1. The land at the Stuttgart Municipal Airport used for aviation purposes;
 2. The land used at the Stuttgart Municipal Airport for farm land, which the City receives rent;
 3. The land used at the Stuttgart Municipal Airport for the public landfill.
You state that the land is owned by the City of Stuttgart and is located in Prairie County.
It must first be noted that these questions in all likelihood require factual determinations, and thus do not lend themselves to any conclusive resolution in the limited format of an opinion from this office. I lack both the resources and the authority to undertake the necessary factual review in this regard. The authority to determine the city's tax liability is vested, moreover, in the local tax assessor in the first instance (see A.C.A. § 26-26-1001), subject to review as provided by law. See A.C.A. §§ 26-27-317 and -318. Information sufficient to allow the assessor to make the factual determinations should therefore be forwarded to the assessor's office. The assessor must decide, on a case-by-case basis, whether property is "public property used exclusively for public purposes[,]" (Ark. Const. art. 16, § 5), and thus exempt from ad valorem taxation. All of the surrounding facts and circumstances must be examined in order to identify the exact nature, extent and usage of the particular property. See generally Hilger v. Harding College, 231 Ark. 686, 689,331 S.W.2d 851 (1960).
Although I cannot undertake this factual review, I will set out what I believe are the key cases and the essential legal principles to be applied in determining the taxable status of the property.
The Arkansas Supreme Court, in interpreting the provisions of the Arkansas Constitution with respect to the exemption of public property from taxation (Ark. Const. art. 16, § 5), has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owed by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v. McIntosh, 319 Ark. 423,892 S.W.2d 462 (1995); Phillips v. City of Fayetteville, 306 Ark. 87,811 S.W.2d 308 (1991); Wayland v. Snapp, 232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. It is not the ownership of the property that entirely determines the matter. The property must also be used "exclusively" for public purposes before it will be exempt from ad valorem taxation.
Because, according to your statement, the land at issue is indeed owned by the City of Stuttgart, it is likely that the inquiry under each of your questions will focus on the second element, that is, the requirement that the land be used exclusively for public purposes. It must be noted in this regard that I have been provided with no specific information surrounding the property's actual use, and that such information is critical to the constitutional analysis. For instance, with regard to your first question, the mere fact that the land is "used for aviation purposes" falls far short of a sufficient basis for determining the tax issue. Whether the particular "aviation purposes" constitute public purposes, and whether the land is used solely for such purposes will require a thorough review of all the surrounding facts and circumstances.[1] One specific related question that arises in this regard involves the precise manner in which the "aviation purposes" are being served. Is the land being used by the city itself, or does this involve property that is leased to a private entity for "aviation purposes?" It is evident from the case of City of Little Rock v.McIntosh, supra, that this is a factor to be considered. The court inCity of Little Rock rejected the argument that the exclusive public purpose test was met with respect to certain tracts of property at the Little Rock Municipal Airport which were leased to private entities. The city contended that the leases at issue fulfilled a public purpose because they provided essential services to the airport, and the airport is a public facility.[2] 319 Ark. at 428. The court, however, drew a distinction between serving the public on the one hand, and exclusively serving a public purpose on the other. As stated by the court:
 It has long been our law that when public land is leased or rented for private uses, ad valorem tax is imposed, even if the profits go back into the public treasury.
Id. at 430.
The court found that even though the private businesses were serving the public under their leases, their purpose was "private gain." Id. at 429. And, according to the court, serving the public "in hope of making a profit . . . is different from exclusively serving a public purpose." Id.
at 431 (emphasis original). The court thus adhered to its prior express holding that "municipally-owned airport land that is leased to private industries is not used for public purposes and therefore is taxable."Id. at 428, citing B.D.T. v. Moore, 260 Ark. 581, 543 S.W.2d 220 (1976).
One other aspect of City of Little Rock that bears mention is the court's rejection of the so-called "predominant and incidental use" distinction when public property is leased to a private business. The city argued that the businesses were only incidentally for private purposes, and that their predominant use was therefore public. 319 Ark. at 431.[3] In rejecting this argument, the court cited its previous ruling in Hilgerv. Harding College, supra, and stated:
 The `predominant and incidental' use could have been an issue if the County had alleged that the City had to pay ad valorem taxes on all of its airport property because the predominant use of all the airport property was for private business. That issue is not before us.
Id.
All of the above legal principles apply with equal force in addressing your other two questions concerning land used for farm land and land used for the public landfill. The local tax assessor must review all of the relevant surrounding facts and circumstances in order to determine whether the exclusive public purpose requirement has been met. With regard to the public landfill, it may be necessary to determine in the first instance whether the city operates the landfill (presumably a public purpose), or whether the land is leased to a private operator for this purpose. Generally, as is reflected in City of Little Rock v.McIntosh, supra, land use by private individuals or businesses for profit will not qualify for tax exemption. See, e.g., Op. Att'y Gen. 97-221
(regarding farm land owned by a college or university and leased to private individuals for profit). And, finally, taxation is the rule rather than the exception; and exemptions from taxation must be strictly construed in favor of taxation. Off-Street Parking Development Dist. No.1 v. City of Fayetteville, 284 Ark. 453, 682 S.W.2d 229 (1985).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should be noted in this regard that while cities clearly have the authority to own and operate airports (see A.C.A. §§ 14-360-302 and -304), the Arkansas Supreme Court has struck down in its entirety the General Assembly's effort to define those airport properties that are used exclusively for public purposes and exempt from taxation. City ofNorth Little Rock and North Little Rock Airport Comm'n v. PulaskiCounty, No. 97-714 (Ark.S.Ct., April 16, 1998) (ruling unconstitutionalAct 438 of 1995, codified at A.C.A. § 14-356-102 (Supp. 1997)). Thus, while it may be stated, generally, that a city's operation of an airport fulfills a public purpose (see also, e.g., A.C.A. §§ 14-361-106 (regarding airports in border municipalities), a case-by-case factual determination must nevertheless be made regarding the actual use of the property and whether that use is solely for public purposes.
[2] The properties in question fell into three general categories: 1) car rental agencies; 2) private aviation service companies that provide aircraft repairs and remodeling; and 3) private fixed-base operators that sell and service airplanes, sell aircraft parts and equipment, and offer charter services and flight schools. Id.
[3] The court had previously noted the general rule that "a mere occasional renting out, not interfering with the primary use of the property by the lessor, does not affect the exemption." Id. at 429 (citations omitted).