The Honorable Bill Pritchard State Representative 19998 Mohawk Road Elkins, AR 72727-8720
Dear Representative Pritchard:
This is in response to your request for an opinion on the following question:
 Regarding the taxable status of a house that the Beaver Water District [the "District"] owns, should the house be entitled to a tax exemption that it enjoys on its other property(s)?
In correspondence to you that is attached to your request, counsel for the District relates that the Benton County Tax Assessor has levied against the house, which "is not currently utilized in the production of water, although a Beaver Water District Supervisor currently lives in the house and it is contiguous to the District's physical plant." It further appears that the District was formed under chapter 116 of title 14 of the Arkansas Code, since counsel referenced this chapter as applicable in his correspondence.
RESPONSE
In my opinion, assuming the facts to be as related above, I believe a court would conclude that the tax assessor was justified in levying against the house.
I should note initially that definitively answering your question would entail conducting a factual inquiry of the sort this office is neither authorized nor equipped to undertake. I can, however, set forth what I consider to be the applicable law assuming the facts to be as you have summarized them.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
The legislature "defined" the exemptions listed in the above-quoted constitutional provision in A.C.A. § 26-3-301. See City of Springdale v.Duncan, 240 Ark. 716, 401 S.W.2d 747 (1966) (stating that the statute was intended to define the types of property exempt from taxation under article 16, § 5).
In City of Fayetteville v. Phillips, 306 Ark. 87, 91-92, 811 S.W.2d 308
(1991), the Supreme Court made the following pronouncement regarding claims of tax exemption:
 As this court has consistently held, taxation is the rule and exemption the exception. Exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption. Hilger v. Harding College, 231 Ark. 686, 331 S.W.2d 851
(1960); Off-Street Parking Development Dist. No. 1 v. City of Fayetteville, 284 Ark. 453, 683 S.W.2d 229 (1985). As stated in Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893):
 [E]xemptions, no matter how meritorious, are acts of grace, and must be strictly construed, and every reasonable intendment must be made that it was not the design to surrender the power of taxation or to exempt any property from its due proportion of the burden of taxation.
 The prior cases underscore the limiting language of the constitutional provision and emphasize the heavy burden on those seeking an exemption. Most recently the court concurred with this approach in Arkansas Conf. Ass'n of Seventh Day Adventists, Inc., v. Benton County Bd. of Equalization, 304 Ark. 95, 800 S.W.2d 426 (1990).
The Court defined the applicable burden of proof as follows:
 Under the tax exemption statutes, the burden on the party claiming the exemption is to prove entitlement beyond a reasonable doubt. See Ragland v. Dumas, 292 Ark. 515, 732 S.W.2d 118 (1987). We cannot accept any lesser standard for a tax exemption case arising under the constitution.
Id. at 94.
The authority to determine the city's tax liability is vested, in the first instance, in the local tax assessor, A.C.A. § 26-26-1001, subject to review as provided by law. See A.C.A. § 26-27-317 and — 318. Specifically, A.C.A. § 26-26-1001 provides:
 The assessor, at the time of making the assessment of real property subject to taxation, shall enter in a separate list pertinent descriptions of all burying grounds, public school houses, houses used exclusively for public worship, and institutions of purely public charity, and public buildings and property used exclusively for any public purpose, with the lot or tract of land on which the house or institution or public building is situated, and which are by law exempt from taxation. If the property is held and used for other public purposes, he shall state by whom or how it is held.
The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5, has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v.McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); Phillips v. City ofFayetteville, 306 Ark. 87, 811 S.W.2d 308 (1991); Wayland v. Snapp,232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. It is not the ownership of the property that entirely determines the matter. The property must also be used "exclusively" for public purposes. Accord Ark. Op. Att'y Gen. No.98-089.
Although unnecessary to my conclusion, given that I do not believe the property is used exclusively for a "public purpose," see discussioninfra, assuming the facts to be as you have summarized them, I believe the property at issue is "public." As noted above, the District was formed under chapter 116 of A.C.A. title 14 — viz. the Regional Water Distribution District Act contained in the Local Government title of the Code. It follows that any property owned by the District should properly be characterized as "public." See also Ark. Op. Att'y Gen. Nos. 1999-387
(service on a city waterworks commission constitutes service in a "municipal office"); Adams v. Bryant, 236 Ark. 859, 370 S.W.2d 432 (1963) (notwithstanding statute authorizing formation of water districts, city may delegate by ordinance to a water commission the public function of providing utility service); Paragould Cablevision v. City of Paragould,305 Ark. 476, 484, 809 S.W.2d 688 (1991) ("Improvement districts have always been considered distinct municipal corporations which are creatures of the state."); Ark. Op. Att'y Gen. No. 97-178 (waterworks commission a "governing body" for purposes of triggering "public records" and "public meetings" requirements under Arkansas Freedom of Information Act).
However, I do not believe that housing a District supervisor in a District-owned home that is not currently used in the production of water can logically be characterized as putting this property to an exclusively public use of the sort that would warrant granting an exemption from ad valorem taxation. In reaching this conclusion, I am fully aware of what I consider the immaterial fact that the property at issue "is contiguous to the District's physical plant."
In my opinion, the disposition of your question is wholly dictated by principles set forth in McIntosh, supra, in which the Little Rock Municipal Airport Commission (the "Commission") sought an exemption from taxation of various parcels of public property it had leased to certain car-rental agencies — a use the Commission claimed served a public purpose. In rejecting this proposition, the court noted: "Exclusive public use is a necessary element for exemption from ad valorem taxes. [Emphasis added.] Phillips, 306 Ark. at 92, 881 S.W.2d at 311."[1]319 Ark. at 428. The court further observed:
 The law is almost uniform that a "public purpose" contemplates that the use must be common to all and not to a particular group. Holiday Island Suburban Improvement Dist. No. 1 v. Williams, 295 Ark. 442, 445, 749 S.W.2d 314, 316 (1988). Further, we have recently reiterated that even when proceeds received from public property rented for private purposes are used for public purposes, the land is taxable, as the actual use must be public. See Pulaski County v. Carriage Creek Property Owners Improvement Dist. No. 639, No. 93-1257 (Ark. Dec. 12, 1994) (citing School Dist. Of Fort Smith v. Howe, 62 Ark. 481, 37 S.W. 717 (1896)).
319 Ark. at 426-27. Specifically with respect to the question of rentals, the court remarked:
 In School District of Fort Smith v. Rowe, 62 Ark. 481 (1896), we wrote:
 It seems clear that the intention was to exempt only that public property which in itself directly subserved some public purpose by actual use, as distinguished from property belonging to the public but not used by it, and from which a benefit accrues to the public, not by the immediate use thereof by the public, but indirectly through selling or renting the same to private parties.
Id. at 486 (emphasis supplied).
 It has long been our law that when public land is leased or rented for private uses, ad valorem tax is imposed, even if the profits go back into the public treasury. Id.
319 Ark. at 430.
One of my predecessors accurately summarized the requirement of exclusive public use as follows:
 If the use is exclusively public, it is tax exempt. City of Fayetteville v. Phillips, 306 Ark. 87, 90-91, 811 S.W.2d 308, 310
(1991).
 In Phillips, supra, however, the court noted that because the property there in question (an arts center) was available for rent to private individuals for a fee, and would at times be closed to the public at large, this could prevent the property from being used exclusively for public purposes. City of Fayetteville v. Phillips, 306 Ark. 87, 94, 811 S.W.2d 308, 312, (1991). This would prevent the property from enjoying tax exempt status.
Ark. Op. Att'y Gen. No. 93-213.
It is unclear from your request whether the property at issue is leased to the District supervisor or whether his occupancy of the property is a perquisite of his employment. However, in either event, my opinion would be the same. I do not believe providing public property as a residence for a public employee sufficiently serves "some public purpose by actual use" to qualify the property for an ad valorem tax exemption.
In offering this opinion, I am by no means ignoring the provisions of A.C.A. § 14-116-405, which provides:
 Water districts formed under this chapter shall be exempt from all excise taxes of whatsoever kind or nature, and further, shall be exempt from payment of assessments in any general or special taxing district levied upon the property of the water district, whether real, personal, or mixed.
Although the District's counsel apparently reads this statute as affording the District a blanket exemption from taxation, on its face the legislation addresses only excise taxes and local improvement district assessments, not property taxes. Moreover, even if the statute referenced property taxes, which it does not, I do not believe it could be read as presuming to declare any and all property owned by a water district necessarily exempt from taxation, regardless of the use to which it is put. As a general proposition, the legislature has the absolute power to legislate unless prohibited from doing so by the constitution, either expressly or by necessary implication. Black v. Cockrill, 239 Ark. 367,389 S.W.2d 881 (1965). However, as reflected in the foregoing discussion, the constitution precludes exempting public property from ad valorem taxation unless the property is put to an exclusively public use. It is a universally accepted principle of statutory construction that if it is possible to construe an act so that it will meet the test of constitutionality, a court not only may, but should and will do so.Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988). In accordance with this principle, a court would almost certainly read a statute purporting to exempt District property from taxation as qualified by the constitutional requirement that the exempted property be put to an exclusively public use. In my opinion, the property at issue in your request does not meet this requirement.
District counsel's proposed broad reading of A.C.A. § 14-116-405 is reminiscent of a similarly broad reading addressed by my immediate predecessor, who properly rejected the suggestion that the legislature could exempt from ad valorem taxation all property owned by public institutions of higher learning, regardless of how the property was used:
 Section 26-3-301(2) and (4) purport to exempt from ad valorem taxation property of "[a]ll public institutions of higher learning and all buildings and grounds belonging to those institutions," and "[a]ll property . . . belonging exclusively to this state, including property of . . . institutions."
 The Arkansas Supreme Court has said on several occasions that notwithstanding the provisions of an applicable statute, the right of exemption must be found in the constitution, since art. 16, § 6 so provides. See Missouri Pacific Hospital Association v. Pulaski County, 211 Ark. 9, 199 S.W.2d 329 (1947); School District of Fort Smith v. Howe, supra; Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893), and Ex Parte Gaines, 56 Ark. 212, 19 S.W. 602 (1892). It was not necessary to cite A.C.A. § 26-3-301(2) and (4) in Opinion 97-221 because that statute cannot be constitutionally construed as exempting anything which is not already exempted by the language of the constitution. The constitution requires exclusive public use. In my opinion, a court would read A.C.A. § 26-3-301(2) and (4) in light of the pertinent constitutional provisions, and interpret the statute as also requiring an exclusive public use. Cf. City of Little Rock v. McIntosh, supra
(holding that a relevant statute exempting airport property from taxation" must be read in light of the constitution, and that means that an airport authority will be exempt from paying ad valorem taxes when the land is used solely for public purposes"). Id. at 428. To the extent A.C.A. § 26-3-301(2) and (4) authorize the exemption of University property when it is not used exclusively for public purposes, it is unconstitutional and "void." See Arkansas Constitution, art. 16, § 6.
Ark. Op. Att'y Gen. No. 97-315. I agree with this analysis and believe it applies in all respects to the District's proposed reading of the statute in this case.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Phillips v. City of Fayetteville, 306 Ark. 87, 811 S.W.2d 308
(1991).