

Cite as 2014 Ark. 146

# SUPREME COURT OF ARKANSAS

No. CV–13–828

| | |
|---|---|
| THERESA HOLBROOK, individually and on behalf of a class of all other ARKANSANS SIMILARLY SITUATED<br>APPELLANT<br><br>V.<br><br>HEALTHPORT, INC.; HEALTHPORT TECHNOLOGIES, LLC f/k/a SMART DOCUMENT SOLUTIONS, LLC; HEALTHPORT INCORPORATED f/k/a COMPANION TECHNOLOGIES CORPORATION; and RICHARD WEISS, in his OFFICIAL CAPACITY AS Director, ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION<br>APPELLEES | Opinion Delivered April 3, 2014<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CV–2010–588]<br><br>HONORABLE KEN D. COKER, JR., JUDGE<br><br>AFFIRMED. |

**CLIFF HOOFMAN, Associate Justice**

Appellant Theresa Holbrook, individually and on behalf of a class of all other Arkansans similarly situated, appeals from the Pope County Circuit Court's July 17, 2013 amended order granting defendants' and third-party defendant's motion for partial summary judgement and denying plaintiff's motion for partial summary judgment in favor of appellees Healthport, Inc.; Healthport Technologies, LLC f/k/a Smart Document Solutions, LLC; Healthport Incorporated f/k/a Companion Technologies Corporation (collectively "Healthport"); and Richard Weiss, in his official capacity as director of the Arkansas

SLIP OPINION

Department of Finance and Administration ("DF & A"). This court has jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2013), as this case is a subsequent appeal following an appeal that has been decided in the supreme court. On appeal, Holbrook contends that (1) the gross-receipts tax does not apply to a patient's attempt to obtain a patient's own medical information and (2) the Arkansas Access to Medical Records Act exempts a patient's attempt to obtain a patient's medical information from any otherwise applicable tax or charge. We affirm.

This case arose after Holbrook requested her medical records from Millard Henry Clinic located in Russellville, Arkansas. Healthport, a private company that has a contract with Millard Henry Clinic to fulfill such requests, obtained and sold to Holbrook copies of her requested medical records. Healthport sent Holbrook two invoices for the two sets of records, including sales tax, and Holbrook remitted two money orders to Healthport, paying both invoices in full.

Holbrook, both individually and on behalf of all other Arkansans similarly situated, filed a class-action complaint on October 12, 2010, seeking damages and requesting the court (1) to find that Healthport violated the Arkansas Deceptive Trade Practices Act; (2) to declare that Healthport illegally collected sales tax on charges for retrieving and copying her medical records; and (3) to find that Healthport was unjustly enriched. Subsequently, Healthport impleaded DF & A by filing a counterclaim and third-party complaint seeking declaratory judgment as to whether any person, entity, or organization is required to collect a sales tax on charges associated with the production of copies of medical records pursuant to Ark. Code

Ann. § 16-46-106 (Supp. 2013). On May 24, 2011, Holbrook filed an amended complaint, including an alternative count for illegal exaction and alternative class-action allegations against DF & A. Holbrook's illegal-exaction claim was dismissed without prejudice on her motion on August 10, 2011.

All parties filed cross-motions for partial summary judgment on the declaratory-judgment claims. The parties also filed a stipulation that allowed the class-certification proceedings to follow the circuit court's adjudication of the cross-motions for partial summary judgment. After a hearing, the circuit court entered an order granting defendants' and third-party defendant's motion for partial summary judgment and attached a Rule 54(b) certificate. Holbrook appealed; however, this court dismissed the appeal, holding that this court lacked jurisdiction to review the nonfinal order when the attached Rule 54(b) certificate failed to comply with the rule. *Holbrook v. Healthport, Inc.*, 2013 Ark. 87.

After this court's dismissal, the circuit court filed an amended order granting defendants' and third-party defendant's motion for partial summary judgment and attached a proper Rule 54(b) certificate on July 17, 2013. The circuit court specifically granted the motions for partial summary judgment filed by Healthport and DF & A and denied Holbrook's motion for partial summary judgment. The circuit court further found (1) "[t]hat there [were] no genuine issues of material fact"; (2) "[t]hat providing paper copies of medical records pursuant to Ark. Code Ann. § 16-46-106 constitute[d] a sale of tangible personal property and as such [was] subject to the Arkansas Gross Receipts Tax Act under Ark. Code Ann. § 26-52-103"; and (3) "[t]hat HealthPort Inc.'s providing paper copies of medical

3

records to the Plaintiff in exchange for payment of the costs stated in Ark. Code Ann. § 16-46-106 constitute[d] a transfer of the possession of tangible personal property for a valuable consideration and [was] therefore a 'sale' as defined in Ark. Code Ann. § 26-52-103(19)(A)."

Finally, the circuit court entered the following declaratory judgment:

> Any person, entity or organization providing copies of medical records pursuant to Ark. Code Ann. § 16-46-106 is required to collect a sales tax on the charges for the production of copies of medical records requested pursuant to Ark. Code Ann. § 16-46-106.

This appeal followed.

Holbrook contends in her first point on appeal that the circuit court erred when it determined that the gross-receipts-tax statute imposed a sales tax on a patient's ability to obtain a copy of his or her own medical records for three independent reasons. First, Holbrook contends that the circuit court's finding leads to "a legislative absurdity." She argues that the legislative intent of Ark. Code Ann. § 16-46-106 was to ensure that she would be charged nothing more than the actual cost of reproducing her medical information, and this intent was further demonstrated by the "isolated sale exemption" pursuant to Ark. Code Ann. § 26-52-401(17), which exempts "gross receipts or gross proceeds derived from isolated sales not made by an established business" from tax. Therefore, she alleges that the circuit court's decision leads to the absurd result that if her healthcare provider directly fulfills her request for medical records, then no sales tax will be imposed pursuant to Ark. Code Ann. § 26-52-401(17) (Supp. 2013); however, if her healthcare provider contracts with a third-party vender to fulfill her request, then a sales tax will be imposed. We disagree.

4

SLIP OPINION

This case involves the interpretation and construction of the Arkansas Gross Receipts Act of 1941 ("Gross Receipts Act"), Ark. Code Ann. §§ 26-52-101 to -914 (Repl. 2008 & Supp. 2013), and Ark. Code Ann. § 16-46-106.  This court's rules regarding statutory construction are clear and well established.  This court reviews issues of statutory interpretation de novo and is not bound by the circuit court's determination.  *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179.  However, this court will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error.  *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004).  The basic rule of statutory construction is to give effect to the intent of the legislature.  *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432.  Where the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used.  *Id.*  In considering the meaning of a statute, this court construes it just as it reads, giving the words their ordinary and usually accepted meaning in common language.  *Id.*  This court construes the statute so that no word is left void, superfluous, or insignificant, and this court gives meaning and effect to every word in the statute, if possible.  *Id.*  If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation.  *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009).  However, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent.  *Brock, supra.*

A statute is considered ambiguous if it is open to more than one construction.  *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007).  When a statute

is ambiguous, this court must interpret it according to legislative intent and our review becomes an examination of the whole act. *Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 580, 268 S.W.3d 879, 884 (2007). In reviewing the act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Williams v. Little Rock Sch. Dist.*, 347 Ark. 637, 66 S.W.3d 590 (2002). In addition, this court must look at the legislative history, the language, and the subject matter involved. *Id.* However, when a statute is clear, it is given its plain meaning and this court will not search for legislative intent. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). This court is very hesitant to interpret a legislative act in a manner that is contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

The language in the statutes relevant to this case is clear and unambiguous, and furthermore, the provisions can be read in a consistent, harmonious, and sensible manner, giving effect to every part. Arkansas Code Annotated § 16-46-106(a)(1) provides that, in "contemplation of, preparation for, or use in any legal proceeding," a patient may obtain copies of his or her medical records "upon the tender of the expense of such copy or copies." Furthermore, in pertinent part, the statute specifically sets the maximum fee for the cost of each photocopy, sets the maximum fee for labor charges, and allows the actual cost of any required postage to be charged. Ark. Code Ann. § 16-46-106(a)(2). Ark. Code Ann. § 16-46-106 does not, however, mention taxation or contain any language to indicate that the specified charges are to exclude any other fees, charges, assessments, or taxes that may be



required by a different statute.

In fact, the Gross Receipts Act generally levies an excise or sales tax on "the gross proceeds or gross receipts derived from all sales to any person of . . . tangible personal property." Ark. Code Ann. § 26-52-301. A "sale" is defined as the "transfer of either the title or possession except in the case of a lease or rental for a valuable consideration of tangible personal property regardless of the manner, method, instrumentality, or device by which the transfer is accomplished." Ark. Code Ann. § 26-52-103(19)(A). "Tangible personal property" is defined as "personal property that can be seen, weighed, measured, felt, or touched or that is in any other manner perceptible to the senses." Ark. Code Ann. § 26-52-103(21)(A). Therefore, based on our reading of the clear and unambiguous language of the statutes in a consistent, harmonious, and sensible manner, and giving effect to every part, we conclude that the circuit court did not err in finding that Healthport's transfer of the paper copies of Holbrook's medical records for money was a sale of tangible personal property and subject to sales tax.

As recognized by appellant, there are several expressed exemptions from the taxes levied under the Gross Receipts Act, and the "isolated sales exemption" pursuant to Ark. Code Ann. § 26–52–401(17) exempts "[g]ross receipts or gross proceeds derived from isolated sales not made by an established business." However, Holbrook's conclusory argument that the application of the isolated sales exemption to the sale of copies of medical records leads to "a legislative absurdity" and that no tax should be levied at all, despite the clear language of the statutes, lacks merit. The legislature's expressed isolated sales exemption applies to all

sales and not just sales of copies of medical records. *Id*. When a statute is clear, it is given its plain meaning and this court will not search for legislative intent. *Cave City Nursing Home*, 351 Ark. 13, 89 S.W.3d 884. Furthermore, as noted earlier, this court is very hesitant to interpret a legislative act in a manner that is contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent.

Second, Holbrook contends that the tax does not apply because reasonable minds have differed as to whether the gross-receipts tax applies to a patient's medical-information request.[1] Holbrook cites to this court's holding in *Gaddy v. DLM, Inc.*, 271 Ark. 311, 609 S.W.2d 6 (1980), as support for the proposition that the intent of the legislature to impose a tax "must be so clear that no reasonable mind should conclude that the intent was otherwise." *Id*. at 318, 609 S.W.2d at 10. Therefore, she argues that a tax should not be imposed under these circumstances because reasonable minds have differed as to this issue, namely the Arkansas Attorney General and DF & A.

We disagree. Holbrook cites to an attorney-general opinion, issued on October 11, 2010, as support for her argument. *See* Op. Ark. Att'y Gen. No. 095 (2010)

---

[1]The Arkansas Department of Finance and Administration, in its brief, alleges that Holbrook has failed to sufficiently develop this argument, citing to this court's case precedent that we will not consider an argument when appellant has failed to provide sufficient citation to authority and this court cannot determine whether an argument is well taken absent further research. *See Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001); *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004). However, we find that the DF & A's assertion lacks merit. Holbrook cited to two attorney-general opinions and one case for support. While we agree that Holbrook's argument is not meritorious, we think Holbrook has sufficiently developed her argument for this court to address it.

(http://ag.arkansas.gov/opinions/docs/2010-095.pdf). In the opinion, the attorney general

opines that a health care facility or entity may not charge sales tax to a patient or a patient's

attorney who requests copies of a patient's medical records pursuant to Ark. Code Ann. § 16-

46-106. Op. Ark. Att'y Gen. No. 095, at 1. However, seven days later, the attorney general

supplemented his opinion, in pertinent part, with the following paragraph:

> It has since come to my attention that the Arkansas Department of Finance and
> Administration ("DF&A") has taken a different approach to this issue in nonpublic
> letter opinions, deeming the provisions of such records subject to sales taxation.
> Although I still subscribe to the reasoning set forth in my previous opinion, I must
> acknowledge that DF&A in administering the tax laws is not subject to my opinion on
> this matter. This office has often noted that the power to determine issues relating to
> imposition of taxes is vested in the Revenue Division of the Department of Finance
> and Administration. See Gross Receipts Tax Rules, GR-75(E) (2008) ("Opinions
> issued by any other agency, whether formal or informal, are not binding on the
> Department of Finance and Administration, Revenue Division"). I therefore suggest
> that any individual or entity with questions relating to this issue submit its concerns to
> the [Arkansas Department of Finance and Administration.]

*Id*. No. 095A (http://ag.arkansas.gov/opinions/docs/2010-095A.html). Therefore, the

attorney general in essence retracted his previous opinion and referred the addressee to DF &

A for any questions.

This court has held that while a statutory interpretation by the agency responsible for

its execution is not conclusive, it is highly persuasive and should not be reversed unless it is

clearly wrong. *Citifinancial Retail Servs. Div. of Citicorp Trust Bank, FSB v. Weiss*, 372 Ark.

128, 271 S.W.3d 494 (2008). Pursuant to Ark. Code Ann. § 26-52-105(b) (Repl. 2008), the

Director of the Department of Finance and Administration is directed to promulgate rules and

regulations for the proper enforcement of the Gross Receipts Act. In this case, the DF & A's

statutory interpretation regarding copies of the medical records is consistent with the unambiguous language of the relevant statutes, and the circuit court did not err in its interpretation of the statutes in finding that a sales tax was properly levied.

Third, Holbrook contends that a sales tax does not apply because there was no exchange of "valuable consideration" as required in the legislature's definition of "sale." Ark. Code Ann. § 26-52-401(17). We disagree. While Ark. Code Ann. § 26-52-401 does not specifically define "valuable consideration," BLACK'S LAW DICTIONARY defines it as "[c]onsideration that is valid under the law; consideration that either confers a pecuniarily measurable benefit on one party or imposes a pecuniarily measurable detriment on the other." BLACK'S LAW DICTIONARY 326 (8th ed. 2004). Here, there should be no question that Holbrook's payment by two money orders constituted valuable consideration. Therefore, we affirm the circuit court on this point on appeal, as the Gross Receipts Act clearly applies to requests for copies of medical records pursuant to Ark. Code Ann. § 16-46-106.

Holbrook contends in her second point on appeal that Ark. Code Ann. § 16-46-106 exempted her request for copies of her medical information from any sales tax because the statute does not specifically authorize the imposition of a sales tax. Arkansas Code Annotated § 26-18-313 (Repl. 2012) provides that "[t]he standard of proof for a taxpayer to establish facts to support a claim for a tax exemption, tax deduction, or tax credit is clear and convincing evidence." Furthermore, there is a presumption in favor of the taxing power of the state, and all tax-exemption provisions must be strictly construed against the exemption. *Ark. Teacher Ret. Sys. v. Short*, 2011 Ark. 263, 381 S.W.3d 834. Taxation is the rule, and

exemption is the exception; therefore, any doubts should be resolved to deny the exemption. *Id*. Holbrook failed to demonstrate that her request for copies of medical records was exempted from taxation under the Gross Receipts Act, when Ark. Code Ann. § 16-46-106 does not specifically provide for an exemption or even generally address the issue of any form of taxation. Therefore, we affirm the circuit court on this point on appeal, as Ark. Code Ann. § 16-46-106 does not exempt Holbrook's request from the Gross Receipts Act.

Affirmed.

*Streett Law Firm, P.A.*, by: *James A. Streett* and *Alex G. Streett*; and *Price, Waicukauski & Riley*, by: *Joseph N. Williams*, for appellants.

*Rose Law Firm*, by: *Kathryn Bennett Perkins*, *Byron J. Walker*, and *Betsy Turner-Fry*; and *Joel DiPippa*, Revenue Legal Counsel, for appellees.