Courtney Hudson Goodson, Justice, concurring. I agree that the evidence was insufficient to support the conviction in this case because the State failed to prove that Thompson had. a pending charge against him; however, I write to clarify that a “pending charge” is not an element of the offense of failure to appear. Rather, the State was required to prove the existence of a “pending charge” because it sought to classify Thompson’s charge as a class C felony under the statute. The plain language of the statute governing the offense of failure to appear establishes the elements of that offense and states, A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been: (1) Cited or summonsed as an accused; or (2) Lawfully set at liberty upon condition that he or she appear at a specified |stime, place, and court. Ark.Code Ann. § 5-54-120(a) (Supp.2013). Notably, the statutory elements do not incorporate the phrase “pending charge.”. Indeed, the plain language of the statute indicates that the General Assembly did not' intend to require a pending charge in all cases of failure to appear-because it provided two distinct avenues for the offense to occur. First, a person can be convicted of failure to appear pursuant to subsection (a)(1) where he or she has been “cited or summonsed as an accused” and fails to appear without reasonable excuse. This subsection ostensibly covers those instances where the defendant has been formally charged by the State. The statute provides an additional possibility for conviction in subsection (a)(2), namely where a person has been “lawfully set at liberty upon condition that he or' she appear at a specified time, place, and court.” As subsection (a)(1) covers those instances in which a person has been formally charged, subsection (a)(2) -.necessarily- must mean something different. It is -a fundamental principle of statutory interpretation that this court construes the statute so that rio word is left void, superfluous, or insignificant, and this court gives meaning and effect to every word in the statute, if possible. Holbrook v. Healthport, Inc., 2014 Ark. 146, 432 S.W.3d 593; see also Ainsworth v. State, 367 Ark. 353, 240 S.W.3d 105 (2006). Thus, the statute contemplates that a person can commit the offense of failure to appear where there has been' no formal charge ‘as long as that person has been lawfully set at liberty upon condition that he or she appear at a specified time, place, and court. Subsection (b) deals with classification of the failure-to-appear offense and provides that an offense is a class felony “if the required appearance was in regard to a pending charge or 19disposition of a felony charge either before or after a determination of guilt of the charge.” Ark.Code Ann. § 5-54-120(b) (Supp.2013). Factors relating to classification of a crime, are “relevant only to the determination of sentence” and not elements of the crime itself. Wilson v. State, 271 Ark. 682, 687-A, 611 S.W.2d 739, 742 (1981). Such classification factors must be established by a preponderance of the evidence. See Huff v. State, 2012 Ark. 388, 423 S,W.3d 608. In the instant case, the State sought to classify Thompson’s offense as a class C offense and thus was required to establish the existence of a pending charge, .which it failed to do. As a result, I agree that the evidence was insufficient to support Thompson’s conviction for the offense of class C failure to appear.' Baker, J., joins.