EUGENE MEYER, Plaintiff-Appellant, v. THE BOARD OF MANAGERS OF HARBOR HOUSE CONDOMINIUM ASSOCIATION, Defendant-Appellee.

First District (5th Division)   No. 1—89—3456

Opinion filed October 18, 1991.—Rehearing denied December 9, 1991.

Steven Messner, of Wilmette, and Ellis Levin, of Lamet, Kanwit & Associates, of Chicago, for appellant.

Barry B. Nekritz and Phillip J. Zisook, both of Altheimer & Gray, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Eugene Meyer, appeals from summary judgment entered in favor of defendant, the Board of Managers of Harbor House Condominium Association (Association), on count V of his amended complaint which alleged he was denied the statutory right to examine the Association's records. We consider: (1) whether plaintiff, as a unit owner, had a right to examine the Association's delinquency reports, which listed unit owners who did not pay their assessments, and itemized bills for legal services under section 19 of the Condominium Property Act (Ill. Rev. Stat. 1989, ch. 30, par. 319); and (2) whether the Association complied with section 19 when it required plaintiff to obtain its records from the doorman of the building rather than in its office. For the following reasons, we reverse and remand.

In count V of his amended complaint, plaintiff alleged that, as the owner of a condominium unit governed by the Association, he made numerous requests to inspect a variety of the Association's records, including some he identified as "delinquency reports" and "legal detailed breakdowns." Plaintiff alleged that the Association denied the requests violating section 19 (Ill. Rev. Stat. 1989, ch. 30, par. 319), which allows a unit owner to examine a condominium association's records. He sought a preliminary injunction to order the Association to supply him with the requested records and reimburse him for costs of the suit.

After the Association answered the complaint and some discovery was completed, both plaintiff and the Association moved for summary judgment on count V.

In an affidavit supporting his motion for summary judgment, plaintiff stated that the Association did not allow him to examine the delinquency reports and legal invoices.

In support of its motion for summary judgment, the Association relied on the affidavit of Joey Buchanan, the building manager who maintained the Association's records. Buchanan stated that plaintiff was not allowed to examine the delinquency reports, which included the names of unit owners who did not pay their assessments, because it would have violated their right to privacy. Further, plaintiff was not allowed to examine legal invoices because they did not pertain to the common elements, they related to plaintiff's litigation against the Association, and they were subject to the attorney-client privilege. Instead of allowing plaintiff to obtain the remaining records he requested in the Association's office, it required him to receive the records from the doorman of the building because plaintiff had previously been abusive to the office personnel.

After a hearing, the trial judge stated that plaintiff was not entitled to the delinquency reports or the itemized bills for legal services; however, he did not rule on the motions for summary judgment and, instead, continued the hearing to another date.

Plaintiff filed a petition to reconsider, although an order was not yet entered on the summary judgment motions, relying on his two supplemental affidavits. He stated that before he filed the present lawsuit, the Association allowed him to examine delinquency reports and "detailed breakdown[s] of legal invoices." He further stated that he was informed that the Association allowed several unit owners to accumulate a substantial amount of unpaid assessments, it was paying an excessive hourly rate for attorney fees, and it incurred attorney fees to pursue a claim which were higher than the claim itself. Plaintiff also denied he was abusive to the personnel in the Association's office.

In response to the petition to reconsider, the Association relied on Buchanan's supplemental affidavit in which he stated that, although plaintiff was not allowed to examine certain records, he was allowed to examine general records stating the total amount of delinquent assessments and legal bills. He also asserted that only four unit owners, out of 278, were delinquent in their payment of assessments and that if an owner did not pay his assessments for two months, it was the Association's practice to refer the matter to its attorneys. Further, the Association discontinued legal action against a former commercial tenant when the attorney fees it incurred approached the amount of the claim.

In a reply brief, plaintiff filed a fourth affidavit and stated that, based on a document obtained from the Association, it failed to collect unpaid assessments from three unit owners who owed a total of ap-

proximately $40,000. Also, the Association sent a memo to unit owners stating that, as a result of plaintiff's lawsuits, it incurred approximately $35,000 in attorney fees which plaintiff believed was incorrect.

Another hearing was held on the motions for summary judgment. The trial judge based his ruling on the finding that, as a matter of law, plaintiff was not entitled to examine the records he requested from the Association. The unit owners' privacy rights precluded plaintiff from examining the delinquency reports, which listed the names and unit numbers of owners who did not pay their assessments, the amount due, and any collection efforts. Also, the itemized bills for legal services, listing the attorney's name, the amount of time spent, and a description of the legal services provided, were subject to the attorney-client privilege and would not be disclosed to plaintiff. As a result, plaintiff's motion for summary judgment and his petition to reconsider were denied and the Association's motion for summary judgment was granted. The judge also found that the Association did not violate section 19 and it was not unreasonable to require plaintiff to obtain the remaining records he requested from the doorman.

Plaintiff now appeals.

OPINION

Summary judgment should be granted if the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

■ As a preliminary matter, the Association contends that plaintiff's affidavits filed in support of his petition to reconsider should not be considered on appeal because they contained information which should have been included in his first affidavit. However, plaintiff's petition to reconsider was filed when the motions for summary judgment were still pending. Because a party opposing summary judgment may file affidavits prior to or at the time of the hearing on the motion (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c)), plaintiff's affidavits, as well as the Association's affidavit, filed prior to the last hearing on the motions will be considered.

On appeal, plaintiff argues that summary judgment was improperly entered in the Association's favor because he had a right to examine the delinquency reports and the itemized bills for legal services under section 19(a) of the Condominium Property Act (Ill. Rev. Stat. 1989, ch. 30, par. 319(a)). The Association responds that the records plaintiff requested are not subject to his right to inspect because they are not specifically enumerated in the section.

Section 19(a) requires a condominium association to maintain certain records available for the unit owners' examination listing several categories of records, such as the declaration, bylaws, and minutes of meetings.

Plaintiff first contends that delinquency reports and itemized bills for legal services are included in subsection (2) of section 19(a), which states:

"(2) Detailed accurate records in chronological order of the receipts and expenditures affecting the common elements, specifying and itemizing the maintenance and repair expenses of the common elements and any other expenses incurred, and copies of all contracts, leases, or other agreements entered into by the association shall be maintained." Ill. Rev. Stat. 1989, ch. 30, par. 319(a)(2).

The language used in subsection (2) only refers to the common elements, which are defined as "all portions of the property except the units." (Ill. Rev. Stat. 1989, ch. 30, par. 302(e).) Although there is a reference to "any other expenses incurred," it appears that phrase is limited by the language that preceded it which refers to maintenance and repair of the common elements. Therefore, neither the delinquency reports nor the itemized bills for legal services that plaintiff requested are subject to examination under subsection (2) because they do not relate to the common elements.

Plaintiff also argues that the delinquency reports and the itemized bills for legal services fall under subsection (5) of section 19(a), which states:

"(5) Such other records of the association as are available for inspection by members of a not-for-profit corporation pursuant to Section 107.75 of the General Not For Profit Corporation Act of 1986 ["Not For Profit Corporation Act"] *** shall be maintained." (Ill. Rev. Stat. 1989, ch. 30, par. 319(a)(5).)

Section 107.75 of the Not For Profit Corporation Act provides:

"Each corporation shall keep correct and complete books and records of account ***; and shall keep at its registered office or principal office a record giving the names and addresses of its members entitled to vote. All books and records of a corporation may be inspected by any member entitled to vote, or that member's agent or attorney, for any proper purpose at any reasonable time." (Ill. Rev. Stat. 1989, ch. 32, par. 107.75.)

The shareholder has the burden to establish he has a proper purpose to inspect the corporation's records. (*Weigel v. O'Connor* (1978), 57 Ill. App. 3d 1017, 373 N.E.2d 421.) A proper purpose is shown when a

shareholder has an honest motive, is acting in good faith, and is not proceeding for vexatious or speculative reasons (*Weigel*, 57 Ill. App. 3d 1017, 373 N.E.2d 421); however, the purpose must be lawful in character and not contrary to the interests of the corporation (*Sawers v. American Phenolic Corp.* (1949), 404 Ill. 440, 89 N.E.2d 374). A proper purpose is one that seeks to protect the interests of the corporation and the shareholder seeking the information. (*Weigel*, 57 Ill. App. 3d 1017, 373 N.E.2d 421.) This court has previously recognized that a shareholder's right to inspect a corporation's books and records must be balanced against the needs of the corporation depending on the facts of the case. (*National Consumers Union v. National Tea Co.* (1973), 14 Ill. App. 3d 186, 302 N.E.2d 118.) Proof of actual mismanagement is not required; a good-faith fear of mismanagement is sufficient to show proper purpose. *Weigel*, 57 Ill. App. 3d 1017, 373 N.E.2d 421.

■ The shareholder is not required to establish a proper purpose for each record he requests. (*Weigel*, 57 Ill. App. 3d 1017, 373 N.E.2d 421.) "Once that purpose has been established, the shareholder's right [to inspect] extends to all books and records necessary to make an intelligent and searching investigation *** [and] 'from which he can derive any information that will enable him to better protect his interests.' " *Weigel*, 57 Ill. App. 3d at 1027, 373 N.E.2d at 428, quoting 5 W. Fletcher, Private Corporations §2239, at 779 (1976).

■ The references in section 107.75, incorporated in subsection (5) of section 19, to "complete books and records of account" and "all books and records" grant a unit owner access to a broad range of an association's records; however, the access is limited to a showing of proper purpose. (Ill. Rev. Stat. 1989, ch. 32, par. 107.75.) Once the purpose is established, the unit owner may examine necessary books and records. In this case, both the delinquency reports and the itemized bills for legal services, which pertain to the financial matters of the Association, can be described as books and records of account and may be subject to plaintiff's examination on a showing of proper purpose.

■ In his affidavits, plaintiff stated that the Association was not collecting assessments from delinquent unit owners and that the Association was incurring excessive attorney fees. These statements established a good-faith fear that the Association was mismanaging its financial matters, which was a proper purpose to inspect the Association's records.

In response to plaintiff's asserted purpose, the Association stated in its affidavits that disclosure of the delinquency reports would vio-

late the privacy rights of the unit owners. However, this claim was insufficient because the Association does not contend that it can assert a claim for invasion of privacy on behalf of the owners and it does not show that plaintiff's purpose was improper. The Association also stated that it properly managed the collection of delinquent assessments, but this claim did not address plaintiff's right to examine the records to make that determination for himself as allowed under section 19. As a result, the Association did not contradict, by affidavit, plaintiff's proper purpose to examine the delinquency reports.

■■ However, as to the itemized bills for legal services, the Association responded that, despite plaintiff's asserted purpose, the bills related to plaintiff's lawsuits pending against the Association and would disclose attorney-client privilege. The fact that a shareholder has a lawsuit pending against the corporation does not alone affect the right to an inspection or show improper purpose. (5A W. Fletcher, Private Corporations §2225, at 379 (perm. ed. 1987).) Similarly, the Association's claim of privilege did not automatically defeat plaintiff's assertion of proper purpose, especially on a motion for summary judgment. Although plaintiff's litigation against the Association may establish his purpose to examine the itemized bills was contrary to its interests, a hearing is required where the parties' competing interests may be balanced. As a result, the affidavits established a genuine issue of material fact as to whether plaintiff had a proper purpose to examine the itemized bills for legal services.

Therefore, the entry of summary judgment in the Association's favor on count V of plaintiff's complaint must be reversed and remanded.

■■ Plaintiff also argues that the trial judge erred when he found that the Association did not violate section 19 when it required him to receive the records from the doorman. However, plaintiff did not allege this violation of section 19 in count V of his complaint, which is the only count relevant on appeal. This issue developed in the parties' affidavits in support of and in opposition to their motions for summary judgment; however, it was not based on the pleadings. As a result, it will not be addressed on appeal.

Reversed and remanded.

GORDON and McNULTY, JJ., concur.