
# ARKANSAS COURT OF APPEALS

DIVISION IV

No.    CV–16–657

| | |
|---|---|
| ASHLEY BANCSTOCK COMPANY<br>APPELLANT | Opinion Delivered:  November 8, 2017 |
| V. | APPEAL FROM THE ASHLEY<br>COUNTY CIRCUIT COURT<br>[NO. 02CV-14-175] |
| PAUL MEREDITH, RICHARD<br>MEREDITH, AND JOHN POSEY<br>APPELLEES | HONORABLE DON GLOVER, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

This is an appeal from a declaratory-judgment action.  Paul Meredith, Richard Meredith, and John Posey (shareholders) are shareholders of Ashley Bancstock Company (ABC).  These shareholders demanded to inspect and copy certain records of ABC pursuant to Arkansas Code Annotated section 4-26-715 (Repl. 2016).  Instead of providing the requested records, ABC sued them in Ashley County Circuit Court seeking declaratory relief regarding the nature and extent of the records the shareholders were entitled to inspect and copy pursuant to the statute.  The circuit court found the shareholders were entitled to all the records they sought, and ABC appealed.  We affirm.

### I. *Background*

The proper interpretation of Arkansas Code Annotated section 4-26-715 is the crux of this appeal.  The pertinent language of this statutory section provides:

> (b) Any person who shall have been a shareholder of record for at least six (6) months immediately preceding his or her demand, upon written demand stating the purpose thereof, shall have the right to examine, in

person or by agent or attorney, at any reasonable time, for any proper purpose, its books and records of account, minutes, and record of shareholders and to make extracts therefrom.

(c)(1) Upon refusal by the corporation or by an officer or agent of the corporation to permit an inspection of the corporation's books, records of account, minutes, or record of shareholders, the person making demand for inspection may file a civil action in the circuit court of the county in which the corporation maintains either its principal place of business or its registered office for the purpose of securing an order of the court directing the corporation, its officers, and agents to permit the requested inspection.

> (2) The proceeding shall be advanced upon the docket of the court; and the court shall hear the parties summarily, by affidavit or otherwise.
>
> (3) If the applicant establishes that he or she is qualified and entitled to the inspection, the court shall grant an order permitting the inspection, subject to any limitations which the court may prescribe; and the court may grant such other relief as to the court may seem just and proper.
>
> (4) The court may deny or restrict inspection if it finds that the shareholder has improperly used information secured through any prior examination of the books and records of accounts or minutes or record of shareholders of the corporation or of any other corporation, or that he or she was not acting in good faith or for a proper purpose in making his or her demand.

On November 6, 2014, attorney Richard Griffin sent a demand letter to ABC on behalf of the shareholders seeking certain records of ABC; its subsidiary, First National Bank of Crossett (FNBC); and its former subsidiary, First Community Bank of Crawford County (FCBCC) pursuant to Arkansas Code Annotated section 4-26-715. The shareholders sought to inspect records from January 1, 2006, to November 6, 2014. The demand letter stated ABC had reported significant losses and incurred substantial expenses since 2006 that the shareholders believed were attributable to the acquisition, operation, and sale of FCBCC

SLIP OPINION

and significant loan write-offs by FNBC. The shareholders' stated purpose for inspection of the records was to review the actions of the respective directors and officers of ABC, FNBC, FCBCC, and others to determine if those directors and officers and/or others may have breached the duties they owed, and continue to owe, to ABC and its shareholders, and whether legal action against those directors and officers and/or others is warranted to recover assets of ABC that have been written off and lost by ABC.

ABC did not release the requested records. Instead, on November 17, 2014, it filed a lawsuit seeking declaratory relief to determine the rights of the parties under Arkansas Code Annotated section 4-26-715. In its complaint, ABC alleged the shareholders requested highly sensitive, confidential, and proprietary information. It asked the circuit court to consider whether the shareholders sought to inspect records for a proper purpose and to determine the extent of information it was required to provide. In addition, ABC sought a protective order to enjoin the shareholders and their counsel from disseminating the information they received to third parties.

Shortly thereafter, on December 8, 2014, ABC offered to tender certain records to the shareholders if they signed a confidentiality agreement. The shareholders refused to sign the confidentiality agreement because it imposed severe monetary penalties for violation.

On December 9, 2014, the shareholders propounded interrogatories and requests for production on ABC. ABC objected and sought a protective order because the information the shareholders requested in discovery mirrored the information requested in the demand letter that served as the basis of the declaratory-judgment action.

The shareholders answered ABC's declaratory-judgment complaint on January 14, 2015. In their answer, the shareholders asserted their demand was proper in all respects and requested that ABC be required to make all requested information and documents available for inspection and copying.

Later, on May 26, 2015, the shareholders filed a notice of deposition duces tecum seeking discovery of essentially the same records. ABC filed a motion for protective order from the deposition. In response, the shareholders filed their own motion for protective order seeking to have ABC enter into a confidentiality agreement and provide the requested documents. The shareholders also filed a motion to compel ABC to answer discovery.

The circuit court held a motion hearing on July 14, 2015. It considered the various motions for protective orders and the shareholders' motion to compel. The hearing was adjourned without a ruling.

The circuit court held a trial on the merits of ABC's declaratory-judgment complaint on November 12, 2015. The trial took place in the judge's chambers, and no witnesses were allowed to testify. During the trial, the circuit court orally granted the shareholders' motion to compel. At the conclusion of the trial, the circuit court found the shareholders were entitled to all the records that they had requested. The circuit court instructed counsel for the shareholders to prepare a proposed judgment.

On January 7, 2016, ABC filed a motion objecting to the entry of the proposed judgment and requesting that the court make findings of fact and conclusions of law pursuant to Arkansas Rule of Civil Procedure 52. The motion was denied.

SLIP OPINION

A judgment was entered on January 28, 2016. The circuit court found the shareholders had a proper purpose for inspecting the requested records and that their demand was made in good faith. The circuit court ordered ABC to produce for inspection all documents requested by the shareholders. ABC timely filed its notice of appeal of the judgment on February 1, 2016. Thereafter, ABC filed an amended notice of appeal on February 19, 2016, from the order denying its motion for findings of fact and conclusions of law pursuant to Rule 52.

On appeal, ABC advances several arguments in support of reversal. ABC argues generally that the circuit court erred by finding that Arkansas Code Annotated section 4–26-715 required it to produce all the records the shareholders requested and by committing several errors during the proceedings.

## II. *The Statute*

This appeal requires us to interpret Arkansas Code Annotated section 4-26-715. ABC contends the circuit court erroneously found that Arkansas Code Annotated section 4-26-715 required it to produce the records the shareholders requested. Particularly, ABC argues the circuit court erred in finding the statute (1) required it to produce sensitive financial records that spanned a nine-year period; (2) entitled the shareholders to inspect and copy the records of FNBC and FCBCC; and (3) entitled the shareholders to copies of liability-insurance policies for ABC, FNBC, and FCBCC.

Issues of statutory interpretation are reviewed de novo. *Holbrook v. Healthport, Inc.*, 2014 Ark. 146, 432 S.W.3d 593. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* When interpreting a statute, we must construe it just as

it reads, giving the words their ordinary and usually accepted meaning in common language. *Gerber Prods. Co. v. Hewitt*, 2016 Ark. 222, 492 S.W.3d 856. Words cannot be inserted, under the guise of interpretation, to add a significant additional qualification to the law enacted by the General Assembly. *Brandt v. Willhite*, 98 Ark. App. 350, 255 S.W.3d 491 (2007). If the language in a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Holbrook, supra.*

As a preliminary matter, we acknowledge that a fundamental issue presented in this appeal is whether ABC or the shareholders had the burden of proof. ABC argues that the shareholders had the burden of proof because the statute requires the applicant seeking to inspect records to establish that he or she is qualified and entitled to the inspection by demonstrating, among other things, a proper purpose for inspection. Ark. Code Ann. § 4-26-715(b) & (c)(3). The shareholders argue that because ABC filed the lawsuit, it had the burden of proving that they sought the records for an improper purpose. We agree with ABC. The statute clearly and unambiguously provides that the shareholders bear the burden of proving entitlement to inspection.

With the burden of proof established, we consider ABC's argument that the shareholders failed to prove a proper purpose to inspect ABC's records. Any shareholder "shall have the right to examine" the records of a corporation "for any proper purpose." Ark. Code Ann. § 4-26-715(b). The circuit court found, based on the joint trial stipulations, the shareholders had proved a proper purpose to inspect the requested records.[1]

---

[1]ABC emphasizes that in remarks from the bench, the circuit court admitted that it had not read the stipulations. However, the circuit court's judgment provides that it relied

The joint stipulations included the shareholders' demand letter that explained their purpose for the request. That letter provided that ABC had reported significant losses and incurred substantial expenses since 2006 that the shareholders believed were the result of the acquisition, operation, and sale of FCBCC and significant loan write-offs by FNBC. The shareholders stated their demand was made in good faith and that they were entitled to review the actions of the respective directors and officers of ABC, FNBC, FCBCC, and others to determine if those directors and officers and/or others may have breached the duties they owed, and continue to owe, to ABC and its shareholders, and whether legal action against those directors and officers and/or others was warranted.

ABC argues that the shareholders' stated purpose is insufficient to demonstrate a proper purpose for examination of the requested records pursuant to Arkansas Code Annotated section 4-26-715. In support of its argument, ABC relies on case law from other jurisdictions. Specifically, ABC cites cases that require shareholders to prove credible evidence of wrongdoing to warrant investigation. *See Cain v. Merck & Co., Inc.*, 1 A.3d 834 (N.J. Super. 2009); *W. Coast Mgmt. & Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636 (Del. 2006). Additionally, ABC urges our court to consider the scope of the requested examination and the inconvenience and financial burden it could place on a corporation and hold that a court should exercise its power with great care to safeguard the interest of the corporation and all of its shareholders. *See Abdalla v. Qadorh-Zidan*, 913 N.E.2d 280 (Ind. Ct. App. 2009).

---

on the joint stipulations, and a circuit court's written order controls over its oral pronouncements. *See Nat'l Home Ctrs. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007).

As the shareholders emphasize, other jurisdictions do not impose these stringent requirements. Other jurisdictions merely impose on shareholders a requirement that they have a good-faith belief in mismanagement to establish a proper purpose for inspection. *See Meyer v. Bd. of Managers of Harbor House Condo. Ass'n*, 583 N.E.2d 14 (Ill. App. Ct. 1991).

We are convinced the shareholders' interpretation is the proper one. To interpret Arkansas Code Annotated section 4-26-715 in the way in which ABC suggests would be contrary to our rules of statutory construction. Again, when interpreting a statute, we must construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Gerber Prods. Co.*, *supra.* Words cannot be inserted, under the guise of interpretation, to add a significant additional qualification to the law enacted by the General Assembly. *Brandt*, *supra.* This statute includes no language requiring a shareholder to include specific allegations of wrongdoing in order to be entitled to records. Only a proper purpose must be established. Accordingly, the circuit court did not err in finding the shareholders' stated purpose complied with the statute.

In addition, ABC challenges the nine-year time frame for which the circuit court required it to produce records for inspection. ABC argues that the shareholders should not have been allowed to inspect nine years of records because they alleged a breach of fiduciary duty, which carries a three-year statute of limitations. They further contend the nine-year time frame placed an overwhelming burden on it.[2]

---

[2] We acknowledge the circuit court's order found ABC would bear only the burden of costs associated with copying documents dated November 6, 2011, to present, and the shareholders would bear the costs associated with copying all documents dated prior to November 6, 2011.

The shareholders respond by referring to the statute itself. Arkansas Code Annotated section 4-26-715 imposes no time limit on the inspection of records. The rules of statutory construction require that a time limit cannot be assumed. *See Gerber Prods. Co.*, *supra*. The shareholders further mention that allowing shareholders to obtain records dating back only to the relevant statute of limitations would be improper because a statute of limitations can be tolled in some instances and that shareholders do not necessarily seek to inspect records for litigation. We agree that the statute authorized the shareholders to seek the nine years of records they requested.

Next, ABC challenges the circuit court's decision requiring it to produce records of FNBC, its subsidiary, and FCBCC, its former subsidiary.

We first consider whether Arkansas Code Annotated section 4-26-715 requires a corporation to produce records of its subsidiaries. ABC argues that it should not have to provide records of its subsidiaries because they were not parties to the litigation. ABC highlights caselaw that requires a showing of fraud to entitle a shareholder to inspect a subsidiary's books. *Saito v. McKesson HBOC, Inc.*, 806 A.2d 113 (Del. 2002). By contrast, other jurisdictions require a corporation to produce records of its subsidiaries because they are assets of the corporation. *See Danzinger v. Luse*, 815 N.E.2d 658 (Ohio 2004); *Meyer v. Ford Indus., Inc.*, 538 P.2d 353 (Or. 1975).

Again, we are persuaded that the shareholders' interpretation is proper. Because subsidiaries are assets of a corporation, their books and records are corporate records. By the plain language of the statute, they are subject to inspection. We hold the statute authorizes a shareholder to inspect records of a corporation's subsidiaries.

ABC also argues that the circuit court erred by requiring it to produce *nine* years of records of its former subsidiary, FCBCC. ABC reminds our court that the parties stipulated that ABC owned FCBCC from October 31, 2006, to January 31, 2014, but that the shareholders requested records from January 1, 2006, to November 6, 2014. It contends, for the time that it did not own FCBCC, it could not have control over FCBCC's records; thus, the circuit court erred when it required ABC to produce books and records for this period. We are not influenced by this argument. A corporation is required to produce "its books and records of account" after a proper demand from a shareholder. Ark. Code. Ann. § 4-26-715(b). We interpret this provision to mean that a corporation must provide to shareholders only the books and records it possesses.

Finally, ABC argues that Arkansas Code Annotated section 4-26-715 does not authorize the shareholders to inspect copies of its liability-insurance policies and that the circuit court erred by finding that it did. ABC contends liability-insurance policies are not books and records of account within the meaning of the statute, and the shareholders failed to prove a proper purpose for the request of the insurance policies.

We begin by considering whether liability-insurance policies are books and records of account. ABC looked to other jurisdictions for guidance on the meaning of books and records of account. In *Pederson v. Arctic Slope Regional Corporation*, Alaska's supreme court held that books and records of account "encompasses monthly financial statements, records of receipts, disbursements and payments, accounting ledgers, and other financial accounting documents." 331 P.3d 384, 386–87 (Alaska 2014). ABC utilizes the *Pederson* case to attempt to demonstrate that insurance policies are not books and records because they are not

financial documents, and ABC cautions against a definition of books and records that is overly broad because it could lead to harassing fishing expeditions.

Our reading of the *Pederson* case leads us to a different conclusion. The items catalogued as books and records of account in *Pederson* are not an exhaustive list, and notably, the inspection of liability-insurance policies was not at issue. Moreover, the language of the *Pederson* case provides that a "shareholder's right is an important method for monitoring agent performance and enhancing principal control over corporate agents." *Id.* at 393. We interpret the *Pederson* case to impose a broad definition of books and records to protect shareholders' interests.

The shareholders direct our court to other jurisdictions that have similarly adopted a broad definition of books and records of account. The Oregon Supreme Court in *Meyer v. Ford Industries, Inc.*, held that the term "'books and records of account' should be the subject of a broad and liberal construction so as to extend to all records, contracts, papers and correspondence to which the common law right of inspection of a stockholder may properly apply." 538 P.2d 353, 355 (Or. 1975).

We conclude that a broad definition of the term books and records of account is proper. Courts tend to broadly define the term so that shareholders' rights are protected. Adopting this approach, we hold liability-insurance policies are books and records of account within the meaning of the statute. Insurance policies are contracts. *Lumbermen's Mut. Cas. Co. v. Moses*, 224 Ark. 67, 271 S.W.2d 780 (1954). And contracts are business records pertinent to the operations of a corporation.

ABC further argues that if liability-insurance policies are books and records of account, the shareholders failed to prove their proper purpose for inspecting them as required by the statute.

ABC contends the statements in the shareholders' demand letter were insufficient to show a proper purpose for the inspection of liability-insurance policies. ABC offers that liability-insurance policies are normally disclosed only in cases in which a judgment must be satisfied, and this is a declaratory-judgment action in which no money damages are sought. In response, the shareholders assert that a review of the insurance policies as well as the other records requested are pertinent to an investigation of corporation management, specifically whether ABC breached its fiduciary duties.

We previously concluded that shareholders need not present evidence of mismanagement to establish proper purpose. They must demonstrate only a good faith belief in mismanagement. The presence or absence of a liability-insurance policy may be pertinent to issues of fiduciary duty. Accordingly, we hold the liability-insurance policies are subject to inspection and copying by the shareholders.

III. *Error in the Proceedings*

ABC also advances several arguments in favor of reversal that stem from the proceedings themselves. Specifically, ABC argues that the circuit court abused its discretion by (1) conducting the trial in chambers, (2) refusing to allow witnesses to testify, (3) granting the shareholders' motion to compel during the trial, and (4) refusing its request for findings of fact and conclusion of law pursuant to Arkansas Rule of Civil Procedure 52. As was discussed in oral argument, an overarching question regarding these procedural issues is

SLIP OPINION

whether ABC was denied the right to a fair trial. We conclude it was not and hold that there is no meritorious, procedural ground for reversal.

First, we consider whether the circuit court abused its discretion by refusing to allow ABC to call G. Gerald Crawford as a witness. When ABC's request to call Crawford was denied, it proffered his testimony. The circuit court's judgment included a finding that, had the proffered testimony been admitted, it would not have affected the ruling. Our court will not reverse a circuit court's evidentiary ruling absent an abuse of discretion and a showing of prejudice. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001). Because ABC cannot demonstrate any prejudice that stemmed from the exclusion of Crawford's testimony, we affirm on this point. Furthermore, we acknowledge the statute contemplates that a court faced with determining whether shareholders are entitled to records "shall hear the parties summarily, by affidavit or otherwise." Ark. Code Ann. 4-26-715(c)(2). Thus, by the plain language of the statute, the circuit court was not required to allow testimony.

Next, we direct our attention to the circuit court's decision to hold the trial in chambers over ABC's objection. All trials must be conducted in public. Ark. Code Ann. § 16-10-105 (Repl. 2010). Furthermore, "the public has every right to ascertain by personal observation whether its officials are properly carrying out their duties responsibly and capably administering justice." *Commercial Printing Co. v. Lee*, 262 Ark. 87, 95, 553 S.W.2d 270, 274 (1977).

The shareholders contend the public was not excluded from attending the in-chambers trial and that anyone could have entered and observed the proceedings. We are

13

not particularly persuaded by the shareholders' argument. Nevertheless, we acknowledge that the trial was transcribed by a court reporter, and accordingly, the public has access to the proceedings so that it may ascertain whether the court was properly carrying out its duties responsibly. In addition, counsel for ABC admitted in oral argument that he could not say whether the in-chambers trial affected the outcome of the case. We conclude no prejudice resulted from the in-chambers trial and affirm on this point.

ABC also argues that the circuit court erred by granting the shareholders' motion to compel during the trial. This issue is not preserved for our review. Although ABC accurately represents the circuit court's oral ruling on the shareholders' motion to compel, it was never reduced to writing. An oral order announced from the bench does not become effective until reduced to writing and filed. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007).

Finally, ABC contends the circuit court erred by denying its request for findings of fact and conclusions of law pursuant to Arkansas Rule of Civil Procedure 52. Compliance with Rule 52 is mandatory, and findings and conclusions pursuant to Rule 52 "should be specific enough to enable an appellate court to understand the factual and analytical process by which the trial court reached its decision." *CenterPoint Energy Gas Transmission Co. v. Green*, 2012 Ark. App. 326, at 5, 413 S.W.3d 867, 871. However, "the rule does not place a severe burden upon the trial judge, for the judge needs only to make brief, definite, and pertinent findings of fact and conclusions upon the contested matters." *Id*.

The circuit court's judgment included findings of fact and conclusions of law. It provided that the shareholders had a proper purpose for their demand and that they made

the demand in good faith. The judgment further stated that the shareholders were qualified and entitled to inspect and make copies of all requested documents. These findings are sufficient to comply with Rule 52, and we affirm on this basis.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Streetman, Meeks & Gibson, PLLC*, by: *Thomas S. Streetman* and *Robert B. Gibson III*, for appellant.

*Jackson Walker, L.L.P.*, by: *Richard E. Griffin*; and *Hopkins Law Firm, A Professional Association*, by: *Gregory M. Hopkins* and *Ryan J. Caststeel*, for appellees.